UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARGARET SUE CYPHERD, and<br>JOHN CYPHERD, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    No.: 3:13-CV-232-TAV-CCS<br>) |
| BELK, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiffs' Memorandum in Response to Defendant's Motion for Summary Judgment and Motion to Extend Time for Supplementation of Response Pending Party Deposition [Doc. 17], and Defendant's Motion to Strike Plaintiffs' Late Filed Response [Doc. 18]. Plaintiffs, in their filing [Doc. 17], respond to defendant's motion for summary judgment [Doc. 15] and move the Court to permit them to supplement their response to the motion for summary judgment after the completion of the deposition of defendant's store manager. Defendant has responded, opposing plaintiffs' motion to supplement their response to the motion for summary judgment [Doc. 20] and separately moving to strike plaintiffs' response in its entirety [Doc. 18]. Plaintiffs have responded to defendant's motion to strike [Doc. 21], attaching a July 18, 2014, affidavit of their counsel regarding the facts underlying their motion to supplement their response to the motion for summary judgment [Doc. 21-1].

## I. Background

This case is a premises liability case involving defendant's department store located in the Turkey Creek business area of Knoxville, Tennessee [Doc. 1-1; Doc. 16]. Plaintiffs seek to recover damages for alleged injuries they suffered as a result of plaintiff Margaret Cypherd tripping over electrical outlet covers on the floor of defendant's store and falling to the ground as a result [*Id.*]. Defendant filed a motion for summary judgment on June 6, 2014 [Doc. 15]. Consequently, plaintiffs had until June 30, 2014, in which to file a response. Fed. R. Civ. P. 6(a), (d); E.D. Tenn. L.R. 7.1. Plaintiffs filed their response ten days late, on July 10, 2014 [Doc. 17].

Prior to the expiration of plaintiffs' time in which to respond to defendant's motion for summary judgment, the parties informally agreed to postpone the "hearing" on the motion for summary judgment until after the depositions of defendant's store manager and plaintiffs [Doc. 17 p. 1; Doc. 18 p. 2; Doc. 21-1 p. 4]. These depositions were scheduled to occur on July 15, 2014 [Doc. 21-1 p. 4], within the time period permitted for discovery pursuant to the Court's Scheduling Order [Doc. 12]. Plaintiffs' counsel avers that he believed that the testimony of defendant's store manager would be necessary for a full response to defendant's motion for summary judgment on the subject of the electrical outlet covers at issue in this case, including the purpose of the covers, the use of the covers within patron walkways, policies and procedures concerning the placement and inspection of the covers, and prior incidents involving the covers [Doc. 21-1 p. 4].

The parties disagree about whether their informal agreement included an extension of time for plaintiffs to file a response to the motion for summary judgment [Doc. 17 p. 1; Doc. 18 p. 2]. Plaintiffs' counsel states that the agreement only specified that defendant would not object to a postponement of the summary judgment "hearing," but he assumed that such an agreement implied that defendant would not oppose an extension of time for plaintiffs to file a response to defendant's motion for summary judgment [Doc. 21 p. 1–2; Doc. 21-1 p. 4]. In any event, the parties did not memorialize their agreement by making a filing with the Court, nor did plaintiffs timely seek an extension of time in which to respond to defendant's motion for summary judgment [Doc. 21 p. 1–2].

## II.     Analysis

The Court turns first to defendant's motion to strike plaintiff's response to the motion for summary judgment [Doc. 18]. Defendant argues that that the Court should not consider plaintiffs' response to the motion for summary judgment because plaintiffs filed their response after the time in which to do so had expired. Plaintiffs argue that their late filing was not intentional, pointing to the oral agreement between the parties and a calendaring error on the part of plaintiffs' attorney, and that the Court has discretion to consider their late response to the motion for summary judgment.

It is improper for a district court to grant summary judgment in favor of a movant "simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Id.* Subject

3

to these constraints in ruling on summary judgment motions, however, "trial courts have inherent power to control their dockets." *See Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003).

Here, there is no dispute that plaintiffs filed their response ten days late. In the time between the filing deadline and the date that plaintiffs responded, defendant's motion for summary judgment became ripe for disposition. In the past, the Court has considered and granted motions for summary judgment in the absence of a response from the nonmoving party. *See, e.g.*, *McCorkle v. Tenn. Valley Auth.*, 2012 WL 1188465 at *2–4 (E.D. Tenn. April 9, 2012). Parties that fail to comply with the Court's filing deadlines do so at their peril. *See* E.D. Tenn. L.R. 7.2.

Nevertheless, there is also no dispute that the parties in this case had agreed to postpone the summary judgment "hearing" until after the deposition of defendant's store manager was taken. Although informal oral agreements between parties are not binding on the Court, plaintiffs' late filing is partially the result of an apparent misunderstanding between the parties. In light of the Sixth Circuit's guidance that motions for summary judgment should be considered on their merits regardless of whether there has been a response, and given all of the circumstances of this case, the Court will take into account plaintiffs' response to the motion for summary judgment.

The Court next turns to plaintiffs' motion to supplement their response to defendant's motion for summary judgment [Doc. 17]. Plaintiffs argue that the testimony of defendant's store manager will allow them to more fully respond to issues concerning

4

the electrical outlet covers at issue in this case.  Defendant argues that the Court should not grant plaintiffs' motion to supplement their response because their motion does not comply with the requirements of Rule 56(d) of the Federal Rules of Civil Procedure.

Rule 56(d) addresses circumstances in which a nonmoving party to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  In such circumstances, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  *Id.*

The Sixth Circuit generally requires compliance with the formalities of Rule 56(d) before it will entertain an appeal on the issue of whether there was adequate time for discovery.  *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488–89 (6th Cir. 2000) (discussing the rule in its prior iteration as Rule 56(f)).  The purpose of requiring such compliance, however, is to "give[] the district court a chance to rule on the need for additional discovery."  *Id.* at 488 (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995)) (internal quotation marks omitted).  Accordingly, the Sixth Circuit has "intimated that either a Rule 56[d] affidavit 'or a motion' would suffice."  *Id.* (quoting *Plott*, 71 F.3d at 1196).  District courts have discretion to determine the proper course of action under Rule 56(d).  *See Plott*, 71 F.3d at 1196–97.

Here, plaintiffs have brought the issue of incomplete discovery to the Court's attention, and they have filed an affidavit averring to the facts underlying their motion to

5

supplement their response. The Court need not decide whether plaintiffs' actions are sufficient to comply with Rule 56(d), however, because the Court concludes that supplemental briefing is otherwise appropriate.

As with all matters of docket control, the Court has the discretionary power to amend the briefing schedule or order supplemental briefing in this case. *See* E.D. Tenn. L.R. 7.1; *Anthony*, 339 F.3d at 516; *Gould v. Wood/Chuck Chipper Corp.*, 2000 WL 1234334 at *4 (6th Cir. Aug. 25, 2000). The sole argument that defendant makes in its motion for summary judgment is that it did not violate its duty of care to plaintiffs because the electrical outlet covers over which plaintiff Margaret Cypherd tripped did not present a dangerous condition as a matter of law [Doc. 15]. In determining whether a condition is dangerous under Tennessee law, the Court considers, among other things, "whether the danger was known and appreciated by the plaintiff, whether the risk was obvious to a person exercising reasonable perception, intelligence, and judgment, and whether there was some other reason for defendant to foresee the harm." *Green v. Roberts*, 398 S.W.3d 172, 177 (Tenn. Ct. App. 2012) (quoting *Coln v. City of Savannah*, 966 S.W.2d. 34, 42 (Tenn. 1998)) (internal quotation marks and brackets omitted).

Here, it is reasonable to believe that defendant's store manager would have information that is relevant to the question of whether the outlet covers at issue in this case presented a dangerous condition. Indeed, based on defendant's argument in its motion for summary judgment, the store manager may be a key witness. The deposition was scheduled to take place within the time period permitted for discovery, and briefing

on any relevant information raised by the store manager's testimony is necessary to fully develop the legal issues before the Court. Considering the law governing defendant's sole argument in its motion for summary judgment, the timing of a potentially important deposition, the importance of ruling on the merits of the summary judgment motion, and the other circumstances of this case, the Court concludes that supplemental briefing would be helpful and appropriate.

## III. Conclusion

For these reasons, Defendant's Motion to Strike Plaintiffs' Late Filed Response [Doc. 18] is **DENIED**, and Plaintiff's Motion to Extend Time for Supplementation of Response Pending Party Deposition [Doc. 17] is **GRANTED**. Plaintiffs shall file their supplemental response to defendant's motion for summary judgment within **fourteen (14) days** of the entry of this Order. The Court's local rules shall govern the deadline for any supplemental reply that defendant may file.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE